IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER BYELICK<br>267 Creek Dr.<br>Auburn, PA 17922<br><br>Plaintiff,<br><br>v.<br><br>TRIAD SERVICE CENTER, INC.<br>1825 Monroe Ave. N.W.<br>P.O. Box 1803<br>Grand Rapids, MI 49505<br>and<br>MORRISON INDUSTRIAL<br>EQUIPMENT COMPANY<br>1825 Monroe Ave. N.W.<br>P.O. Box 1803<br>Grand Rapids, MI 49505<br><br>Defendants. | CIVIL ACTION<br>No. 3:17-cv-1450<br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### I. INTRODUCTION

1. This action has been initiated by Christopher Byelick (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) to redress violations by Triad Service Center, Inc. and Morrison Industrial Equipment Company (*hereinafter* collectively referred to as "Defendants," unless indicated otherwise) of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. § 201, *et. seq.*) and applicable Pennsylvania state law(s).

### II. JURISDICTION AND VENUE

2. Plaintiff is a citizen of Pennsylvania.

3. Upon information and belief Triad Service Center, Inc. and Morrison Industrial Equipment Company are incorporated under the laws of Michigan and have a principal place of business in Michigan, rendering them citizens of Michigan.

4. This Court, in accordance with 28 U.S.C. 1332, has jurisdiction over Plaintiff's claims because there is complete diversity jurisdiction, as Plaintiff is a citizen of Pennsylvania, Defendants are citizens of Michigan, and the amount in controversy exceeds $75,000.

5. The United States District Court for the Middle District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

7. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III. PARTIES

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff is an adult individual, with an address as set forth in the caption.

11. Defendant Triad Service Center, Inc. (*hereinafter* "Defendant Triad") is a Michigan-based corporation engaged in the business of providing parts, repair, and maintenance for floor care equipment, and other commercial systems throughout the United States

12. Defendant Morrison Industrial Equipment Company (*hereinafter* "Defendant Morrison") is a Michigan-based corporation engaged in the business of providing, *inter alia*, fleet management/service and repair services for various types of industrial equipment.

13. Each named Defendant is identified as being headquartered at the same address as in the caption of this Complaint with the Department of Licensing and Regulatory Affairs of Michigan.

14. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

15. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV. FACTUAL BACKGROUND

16. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

17. Plaintiff worked for Defendants from on or about February 26, 2015 through on or about January 21, 2017.

3

18. Plaintiff was employed with Defendants as a field service technician.

19. While working for Defendants, Plaintiff was based out of his home in Auburn, Pennsylvania.

20. While employed with Defendants, Plaintiff did not supervise employees, have the ability to hire or terminate employees, and did not evaluate employees or perform typical supervisory functions.

21. Plaintiff also did not have responsibilities to make management or business decisions for Defendants relating to purchasing assets, marketing, sales/financial targets, or other company financial decisions.

22. Plaintiff merely performed routine duties for Defendants on a daily basis and did not exercise any meaningful discretion in the performance of his job.

23. Plaintiff did not required to have any special degree to perform his job for Defendants nor was he required to possess a commercial driver's licenses in order to perform his job for Defendants.

24. As part of Plaintiff's job, he was required to travel to different job sites in order to repair and/or provide service for numerous industrial machines and or systems, including but not limited greasing systems (for restaurants), cleaning systems, carpet cutters, floor buffers and polishers, floor scrubbers, and other floor cleaning equipment.

25. In addition to repairing and servicing machines and cleaning/greasing systems (as described *supra*), Plaintiff would also performed other duties as part of his work week, including but not limited to picking up material necessary to perform the service or repair work at different facilities, fielding phone calls from his vehicle while traveling (as directed by Defendants'

management), packaging and sending back product and/or material that was not used, and taking safety courses pertaining to his line of work (among other daily/weekly job duties).

26. Plaintiff was directly informed by Defendants that he would not be paid for any additional work that he performed beyond one hour of travel time and the time he spent repairing or servicing the actual equipment on the job site; however, he was further told that the hours spent on this additional work would be counted towards his overtime (which was never correct either).

27. While employed with Defendant, Plaintiff worked approximately 70-80 hours per week; however, he was not properly paid for all hours that he worked, including time and one half for all hours that he worked over 40 hours in one week.

28. In fact, throughout his employment with Defendant, Plaintiff's weekly wages varied from week to week but he was never given a detailed report regarding his pay structure.

29. On the various occasions that Plaintiff inquired about his pay structure, Defendants simply told Plaintiff that he was being paid by "piece time" or "piece work" or a percentage on "all billable work" – without providing him with any further information.

30. Furthermore, while Plaintiff's paystubs would show an amount of hours that Plaintiff worked, the number of hours of Plaintiff's paystubs was often times wrong and when Plaintiff asked how Defendants calculated said hours, he was never provide with any helpful information.

31. Defendants have setup and perpetrated a system whereby they have deceived Plaintiff and intentionally failed to abide by wage and overtime laws, which is evidenced by:

a) Defendants' failure to pay Plaintiff for all hours worked and flat out telling Plaintiff that he wouldn't be paid for more than one hour of travel or for any work done outside of servicing and repairing industrial equipment on the job site;

b) Defendants' failure to pay Plaintiff time and one half for all hours that he worked beyond 40 hours in one week;

c) Defendants' attempt to conceal their wage and overtime violations by refusing to provide Plaintiff with an explanation as to how his hours were being calculated, despite his requests for same; and

d) Defendants' failure to keep proper payroll records because Defendants wanted to pay employees as they wished.

32. As the aforementioned evidence clearly demonstrates that these violations were willful, Plaintiff seeks all wages he was owed going back three (3) years from the date of this complaint.

### Count I
### Violations of the Fair Labor Standards Act ("FLSA")
(Overtime and Minimum Wage Violations)
- Against Both Defendants -

33. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34. At all times relevant herein, Defendants have and continue to be employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 ("FLSA").

35. At all times relevant herein, Defendants to this Action were responsible for paying wages to Plaintiff.

36. At all times relevant herein, Plaintiff was employed with Defendants as "employee[s]" within the meaning of the FLSA.

6

37. The FLSA requires covered employers, such as Defendants, to minimally compensate its "non-exempt" employees, such as Plaintiff, 1.5 times the employee's regular rate of pay for each hour that the employee works over 40 in a workweek.

38. At all times during their employment with Defendants, Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

39. Plaintiff worked in excess of 40 hours per week nearly every week he worked for Defendants.

40. Plaintiff was not properly paid for all hours that he worked in excess of 40 hours per week.

41. Throughout Plaintiff's employment with Defendant, Plaintiff was never given a detailed explanation of his pay structure and when Plaintiff asked for one, Defendants' management simple responded with vague answers, telling Plaintiff that he was paid by "piece time," "piece work," and/or "a percentage of all billable hours" – without any further explanation.

42. Furthermore, while Plaintiff's paystubs would show an amount of hours that Plaintiff worked, the number of hours of Plaintiff's paystubs was often times wrong and when Plaintiff asked how Defendants calculated said hours, he was never provide with any helpful information.

43. It is also believed and therefore averred that throughout Plaintiff's employment with Defendants, Defendants improperly withheld Plaintiff's pay to the point where he was compensated below the minimum wage in many weeks.

44. Plaintiff therefore seeks all remedies permitted under the FLSA for unpaid wages, as well as penalties and interest.

**Count II**
**Violations of the Pennsylvania Minimum Wage Act ("PMWA")**
**(Overtime and Minimum Wage Violations)**
**- Against Both Defendants -**

45. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

46. Plaintiff re-asserts and re-alleges each and every allegation as set forth in Count I of this Complaint, *supra*, as such actions constitute identical violations of the PMWA.

47. Defendants' failure to pay overtime and minimum wage in the aforesaid manners also constitutes a violation of the PMWA.

**Count III**
**Violation of the Pennsylvania Wage Payment Collection Law ("WPCL")**
**(43 P.S. 260.3(a)-(b))**
**- Against Both Defendants -**

48. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

49. Plaintiff had an agreement with Defendants whereby Defendants agreed to compensate Plaintiff for all services he performed during his employment.

50. Defendants failed to compensate Plaintiff for all wages owed during his employment.

51. Plaintiff performed the agreed-upon services for Defendants, and Defendants failed to properly compensate Plaintiff for the services rendered as specified by the Parties' employment agreement (included but not limited to paying Plaintiff for all hours worked outside of servicing and repairing equipment on job sites).

52. Furthermore, Defendants failed to keep proper records of all hours that Plaintiff worked.

53. These actions as aforesaid constitute violations of the Pennsylvania Wage Payment and Collection Law.

**WHEREFORE**, Plaintiff prays that this Arbitration enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's wrongful actions, including but not limited to past lost earnings and wages, commission(s) and incentives.

B. Plaintiff is to be liquidated damages as permitted by applicable law to deter Defendant or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate; and

D. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

Ari R. Karpf, Esq.
3331 Street Road
Building 2, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: August 14, 2017